UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALLEN BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JEFFREY KRUEGER, )<br>)<br>Respondent. ) | No. 2:17-cv-00240-JMS-MJD |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Petitioner Allen Brown seeks to set aside the Judgment entered on May 7, 2020, denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His motion was filed on December 5, 2022, more than two years after Final Judgment was entered and more than eight months after the Seventh Circuit Court of Appeals affirmed the Judgment. For the reasons explained below, Mr. Brown's motion to reconsider [67] is **denied as untimely.**

### I. Background

In 2012, Allen Brown pled guilty in the Eastern District of Missouri to unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Brown admitted to eight prior state law felony convictions, leading to an enhanced 262-month sentence under the Armed Career Criminal Act, commonly known as the ACCA. After unsuccessfully seeking habeas relief in the Eighth Circuit under 28 U.S.C. § 2255, Mr. Brown used 28 U.S.C. § 2241 to file this habeas petition in the Southern District of Indiana, where he was then confined, contending that the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), leaves him without the three predicate offenses necessary to sustain his ACCA-enhanced sentence. *Brown v. Krueger*, 25 F.4th 526, 527 (7th Cir. 2022).

1

The ACCA imposes a 15-year minimum sentence on any individual convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) while having three prior convictions for violent felonies, serious drug offenses, or some combination of both. 18 U.S.C. § 924(e). Mr. Brown conceded on appeal that his two drug selling offenses are ACCA predicates, so the only issue was whether one of his other prior convictions remains a violent felony post-*Mathis*.

Court records submitted by Mr. Brown established that he was charged with, and found guilty of violating Missouri Revised Statute § 571.030. Dkt. 47-3 at 1-3, 10-13. Given the Eighth Circuit's holding that § 571.030.1(4) is a violent felony under the ACCA's elements clause in *United States v. Hudson*, 851 F.3d 807, 809–10 (8th Cir. 2017), this Court found that Mr. Brown has the three predicate offenses necessary to sustain his enhanced sentence. The Seventh Circuit agreed. *Brown*, 25 F.4th at 531.

## II. Discussion

Mr. Brown now seeks reconsideration of the Court's ruling. In support he presents the transcript of his guilty plea and sentencing in *Missouri v. Brown,* Cause No. 031-3922 (Cir. Ct., City of St. Louis, May 19, 2006). Dkt. 67-1. He argues that the Court erred in concluding that he was convicted of § 571.030.

Mr. Brown's motion is understood to be brought pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*. This Rule allows "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These circumstances include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  Notably, Rule 60(b)(6) relief is only available when Rules 60(b)(1) through (b)(5) are inapplicable. *Blitch v. United States*, 39 F.4th 827, 833 (7th Cir. 2022) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, (1988) (noting that Rule 60(b)(6) and Rules 60(b)(1) through (b)(5) are "mutually exclusive"); *Klapprott v. United States*, 335 U.S. 601, 613, 336 U.S. 942, (1949) (holding a party may not seek relief under the Rule 60(b)(6) catchall provision if the conduct, in fact, falls under Rule 60(b)(1)); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (same)).

Mr. Brown necessarily advances his motion under Rule 60(b)(1) arguing that this Court made a mistake in applying controlling Circuit and Supreme Court precedent. *Kemp v. United States*, 142 S. Ct 1856, 1862, (2022) ("Rule 60(b)(1) covers all mistakes of law made by a judge."). Mr. Brown further argues that he did not plead guilty to exhibiting a firearm and instead pled guilty to the charge of unlawful use of a firearm. Dkt. 67 at 2; dkt. 67-1 at p. 20, 23.  In support he filed the Transcript of his Guilty Plea and Sentencing in *State v. Brown,* case number 031-3922 (St. Louis Circuit Court, May 19, 2006).

Once properly characterized as a Rule 60(b)(1) motion, Mr. Brown's motion for reconsideration must have been "made within a reasonable time"—meaning "no more than a year after the entry of the judgment or order." Fed R. Civ. P. 60(c)(1). Because Mr. Brown did not file

3

his Rule 60(b) motion until well beyond the one-year time constraint for asserting mistake, his motion [67] must be **denied as untimely.** *See Blitch*, 39 F.4th at 831.

    IT IS SO ORDERED.

Date: 4/12/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew Richard DeVooght
LOEB & LOEB LLP
adevooght@loeb.com

Jesse J. Hogin
LOEB & LOEB LLP
jhogin@loeb.com

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov